**Ex Parte Jeffrey Demond WILLIAMS.**

**No. WR–50,662–03.**

Court of Criminal Appeals of Texas.

Nov. 23, 2011.

Anthony S. Haughton, Austin, for Appellant.

Lynn Hardaway, Asst. District Atty, Lisa C. McMinn, State's Attorney, Austin, for State.

***ORDER***

PER CURIAM.

This is a subsequent application for writ of habeas corpus filed pursuant to the provisions of Texas Code of Criminal Procedure Article 11.071, § 5.

On February 9, 2000, Applicant was convicted of the offense of capital murder. The jury answered the special issues submitted under Article 37.071, TEX.CODE CRIM. PROC., and the trial court, accordingly, set punishment at death. This Court affirmed Applicant's conviction and sentence on direct appeal. *Williams v. State,* No. AP–73,796 (Tex.Crim.App. May 8, 2002). This Court denied relief on Applicant's initial post-conviction application for writ of habeas corpus. *Ex parte Williams,* No. WR–50,662–01 (Tex.Crim.App. April 2, 2003). This Court dismissed Applicant's second post-conviction application for writ of habeas corpus. *Ex parte Williams,* No.

WR–50,662–02 (Tex.Crim.App. October 8, 2003). Applicant's instant post-conviction application for writ of habeas corpus was received in this Court on July 5, 2011.

Applicant presents the following allegations in the instant application:

I. Mr. Williams has never had effective assistance of counsel or competent counsel with regard to his punishment.

II. The Conflict of State Habeas Counsel Foreclosed Consideration of Mr. Williams's Meritorious IAC claim, in State or Federal Court, and Did Not Comport with Article 11.071 § 2's Requirement for Competent Counsel.

III. Alternatively, The Principles of Equity, Fundamental Fairness, Due Process and Due Course of Law Require a Remedy.

We have reviewed the application and find that Applicant has failed to satisfy the requirements of Article 11.071, § 5(a). *See Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) (stating that "[w]e have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions"), *citing Johnson v. Avery,* 393 U.S. 483, 488, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). Accordingly, we dismiss the application as an abuse of the writ without considering the merits of the claims.

IT IS SO ORDERED THIS THE 23RD DAY OF NOVEMBER, 2011.